```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

MARIO TERRELL SANDERS #R-30846,  )
                                 )
          Plaintiff,             )
                                 )
     v.                          )   No.  13 C 3612
                                 )
THOMAS DIRT,[1] SHERIFF,         )
                                 )
          Defendant.             )

## MEMORANDUM ORDER

This Court has just received a copy of the newly-filed pro se Complaint brought by Mario Terrell Sanders ("Sanders") by which he seeks to invoke 42 U.S.C. §1983 ("Section 1983") against Cook County Sheriff Thomas Dart. Sanders' self-prepared Complaint is also accompanied by his In Forma Pauperis Application ("Application"), but not by the statutorily required material that this Court needs to rule on the Application.

In the latter respect, 28 U.S.C. §1915(a)(2)[2] requires every prisoner plaintiff who seeks in forma pauperis status to "submit a certified copy of the trust account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal,

---

[1] Does the pro se plaintiff really believe that the Cook County Sheriff's name is Thomas Dirt and not Dart? Or, given the nature of the Complaint, is this either a bad joke or a Freudian slip by plaintiff?

[2] All further references to subparts of that same section will simply take the form "Section --," omitting the prefatory "28 U.S.C."

obtained from the appropriate official of each prison at which the prisoner is or was confined." Here Sanders has tendered the Application without any trust fund account printout--indeed, without any certificate from a trust fund officer.

Accordingly Sanders is ordered to obtain, and to transmit to this District Court the required printout from the institution or institutions where he has been in custody during the period from October 11, 2012 until May 15, 2013[3] (Sanders is now in custody at Sheridan Correctional Center, but this Court has no information as to how long he has been confined there). As for the substance of Sanders' Complaint, this Court will limit itself to just a few comments until the Application can be dealt with and the case can go forward. Here they are in brief:

> 1. Most frequently a complaint about prison conditions (in this case the Cook County Jail conditions) does not implicate the person at the top administrative level,

---

[3] That time frame is obviously longer than the six-month period specified by the statute, but there is a reason for the expanded request: Both Sanders' Complaint and the Application were signed by him on April 11, 2013, while both documents are stamped May 15 to reflect the date of receipt in the Clerk's Office. For purposes of dating the "filing" of the Complaint (the statutory language of Section 1915(a)(2)), Sanders is entitled to the benefit of the "mailbox rule" (Houston v. Lack, 487 U.S. 266 (1988)). That rule looks to the date on which Sanders either mailed the documents himself or turned them over to the prison authorities for mailing, information not known to this Court. Accordingly Sanders must accompany his transmittal of the trust fund account printout with a statement identifying that relevant date, so that this Court can make the necessary six-month calculation.

because the principle enunciated in Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 691 (1978) precludes Section 1983 liability on a respondeat superior basis. In this instance, however, Sanders' assertion of deplorable living conditions at the Jail certainly suggests a long-term problem for which the Sheriff himself might arguably bear personal responsibility. That being the case, the Complaint will be left intact in that respect for the present.

    2. Although Sanders did not submit a Motion for Appointment of Counsel together with his other papers, this Court's experience is that everyone--plaintiff, defendant and this Court--is better served when a viable lawsuit has counsel acting on both sides of the controversy. Hence this memorandum order's transmittal to Sanders is accompanied by copies of the form of motion made available by the Clerk's Office for pro se plaintiffs who wish such an appointment. If Sanders decides to fill in and submit the form, his attention is called particularly to the need to answer the question as to efforts he has made to obtain counsel on his own, a factor that our Court of Appeals teaches is essential to the favorable consideration of any such motion.

In sum, this Court will take no further action until Sanders complies with the directives in this memorandum order.

_____
Milton I. Shadur
Senior United States District Judge

Date:   May 16, 2013