# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MARIO TERRELL SANDERS #R-30846**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13 C 3612 |
| **THOMAS DIRT**, Sheriff, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Mario Terrell Sanders ("Sanders") has, in partial response to this Court's May 16, 2013 memorandum order ("Order"), submitted a filled-out Motion for Attorney Representation ("Motion"). As for the other aspect of the Order, Sanders has provided a printout of transactions in his trust fund account at Sheridan Correctional Center ("Sheridan," where he is now in custody) for a time frame substantially greater than the six months immediately preceding the filing of his Complaint -- the period that is required by 28 U.S.C. § 1915(a)(2).[1] That second aspect of Sanders' response requires a good deal of discussion.

To begin with, Order at 2 n.3 has explained the difficulty of determining exactly what six-month period is involved. But given the "mailbox rule" referred to in the Order and the fact that the day-to-day balances in Sanders' trust fund account do not reflect major variances, this Court has opted to focus on the six months beginning with November 2012 and running through April 2013.

Next, because of the frequent and substantial deposits to Sanders' account during the relevant period, resulting in the continued maintenance of a healthy account balance, this case

---

[1] All further references to subparts of that same section will simply take the form "Section --," omitting the prefatory "28 U.S.C."

presents the unusual situation in which the average monthly balance in the account (see Section 1915(b)(1)(B)) exceeds the average monthly deposits to the account (see Section 1915(b)(1)(A)). That makes the calculation a more complex and tedious one, because it involves determining the weighted average balance in an account that contains a very large number of transactions. But this Court has made that determination, and it finds that the average daily balance for the relevant period comes to $910.90, 20% of which (prescribed as the required initial partial filing fee payment under Section 1915(b)(1)) is $182.18).

Those numbers, however, raise a major red flag as to Sanders' entitlement to in forma pauperis treatment under Section 1915. As the trust fund account printout reflects, there were only a few days in November 2012 when the account balance was below $800 (in the $700s). For the most part the balances ranged from the low $900s to amounts in excess of $1,000 -- during the months of March and April only six days fell below $1,000 (and those days were at the $998 level at that), with all other days exceeding $1,000.[2] That is clearly not the kind of showing that calls for the installment treatment established by Section 1915, for throughout the relevant time frame Sanders could have paid the $350 fee up front and left a substantial balance remaining in the account.

Under the circumstances this Court is constrained to deny Sanders' application for in forma pauperis treatment. But the history of his account clearly does not reflect an ability on his part to retain counsel, even though his Motion does not state that he has made efforts to do so (as our Court of Appeals' decisions require). All the same, if Sanders does pay the $350 filing

---

[2] It is true that the final entry in the Sheridan printout reports Sanders' $1,000 withdrawal from the account on May 2, 2013, leaving a balance of just $102.36 (under "Transaction Type" heading, that withdrawal was shown as "personal"). But that dramatic reduction is unexplained, and it does not temper what has just been outlined in the text.

fee this Court is prepared to obtain the name of a member of this District Court's trial bar to serve as his lawyer on a pro bono publico basis.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 29, 2013