IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIO TERRELL SANDERS #R-30846, )
                                  )
                Plaintiff,        )
                                  )
     v.                           )    No.  13 C 3612
                                  )
THOMAS DIRT, SHERIFF,             )
                                  )
                Defendant.        )

MEMORANDUM ORDER

This Court's May 16, 2013 memorandum order ("Order I")

addressed the then-newly-filed pro se Complaint brought by Mario

Terrell Sanders ("Sanders"), in which he sought to invoke 42

U.S.C. §1983 ("Section 1983") to obtain damages from Cook County

Sheriff Thomas Dart (misspelled by Sanders as "Dirt").  Because

the In Forma Pauperis Application ("Application") that

accompanied the Complaint failed to include the trust fund

account information called for by 28 U.S.C. §1915(a)(2),[1] Order I

ordered Sanders to provide that input.  When Sanders then

complied with that request, his submission reflected the unusual

situation in which the average monthly balance in his account

(see Section 1915(b)(1)(B)) had exceeded the average monthly

deposits to the account (see Section 1915(b)(1)(A)).  Indeed the

average daily balance for the relevant period was $910.90, so

that the initial partial filing fee payment required under

---

[1]  Further references to subparts of that section will take
the form "Section--," omitting the prefatory "28 U.S.C. §."

Section 1915(b)(1) came to $182.18.

More importantly, however, that large daily balance would have been much more than enough to pay the $350 filing fee up front, while still leaving a substantial balance remaining in the account. That being so, this Court's May 29, 2013 memorandum order ("Order II") denied the Application that had sought in forma pauperis ("IFP") treatment.

What then happened is that Sanders wrote a letter (Dkt. 10, received in the Clerk's Office on June 17) that explained he had been "saving up for my children Christmass [sic]" and had then sent the accumulated amount to his mother after the expiration of the relevant six-month period specified in Section 1915(a)(2). When Sanders' letter then asked for a waiver of payment (an alternative unavailable to this Court under the provisions of Section 1915) or for "a period of time to try to come up with the money," this Court saw no problem with the latter alternative.

Since then, however, Sanders has neither provided any funds at all nor indicated any specific proposal for payment (note once again that the manner in which Section 1915 is framed makes the trust fund account information during the six-month period <u>preceding</u> the filing of the lawsuit the determinative factor as to a prisoner's qualification for the special type if IFP status available under Section 1915). Under the circumstances, this Court denies the pending Motion for Attorney Representation

(Dkt. 7), without prejudice to its possible renewal as and when Sanders pays the filing fee.

In the meantime Sanders will be allowed another four months (until December 23, 2013) within which to pay the $350 filing fee (in which event the effective filing date for limitations and other purposes will continue to be Sanders' original May 2013 submission date of his Complaint). Failing such timely payment, both the Complaint and this action will be dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 23, 2013